IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| INTERNAL REVENUE SERVICE, | ) ) ) |
| Defendant. | ) ) |

Case No. 1:17-cv-00670-JEB

## DECLARATION OF MICHAEL C. YOUNG

I, MICHAEL C. YOUNG, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746(2), declare as follows:

1. I am a Government Information Specialist employed by the Internal Revenue Service ("the Service"), in the office of Government Liaison, Disclosure & Safeguards. I have been in the Laguna Niguel, California Disclosure Office since September 20, 2015. I have been employed by the Service in various positions since July of 2001.

2. My responsibilities as a Government Information Specialist include the processing of Freedom of Information Act ("FOIA") requests submitted to the Service. The processing of FOIA requests include determining whether the request complies with the applicable statute and regulations, evaluating the request to determine whether the requested records fall under the Disclosure Office's jurisdiction, directing and coordinating searches for responsive documents, reviewing responsive documents for applicable FOIA exemptions and other discretionary disclosure provisions, and preparing correspondence and draft final responses to requesters. The duties of a Government Information Specialist require knowledge of the applicable statutes,

regulations, and procedures governing requests for information, as well as the Service's institutional practices, the roles of various components within the Service, and the types of records maintained in each component.

3. Due to the nature of my duties, I am familiar with the requirements for disclosure in response to a FOIA request, including that the FOIA exempts certain types of documents from disclosure in response to a request. I make this declaration based on my personal knowledge and knowledge of the official business records that I have reviewed in the AFOIA system in connection with this case. AFOIA is a computer system used, among other purposes, to process Disclosure casework under FOIA. AFOIA can be accessed by all Disclosure Office personnel and Disclosure Office personnel can use AFOIA to search files pertaining to a particular FOIA request.

4. Ms. Eleni Kyriakides, on behalf of Plaintiff Electronic Privacy Information Center, submitted a FOIA request dated February 16, 2017, to the Service's Atlanta Office (the "First Records Request"). The First Records Request sought "all of Donald J. Trump's individual income tax returns for tax years 2010 forward, and any other indications of financial relations with the Russian government or Russian businesses." A true and correct copy of the First Records Request is attached as Exhibit A to this declaration.

5. The First Records Request did not include an executed power of attorney form, Privacy Act consent, or tax information authorization that would permit the requestor to receive confidential third party return information from the Service.

6. The Service received the First Records Request on February 16, 2017, and assigned it case number F17048-0017.

7.  After reviewing the First Records Request, I determined that the First Records Request sought tax returns and tax return information of a third party taxpayer. When a requestor seeks records pertaining to other persons or businesses, "the requestor shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization." 26 C.F.R. § 601.702(c)(5)(iii)(C). Because the requestor failed to provide the applicable authorization to receive third-party records, I determined that the request was incomplete and could not be processed.

8.  The Service timely responded to the First Records Request by letter dated March 2, 2017. A true and correct copy of the Service's response letter as mailed is attached as Exhibit B to this declaration. In the letter, the Service stated that the documents EPIC sought, to the extent they existed, consisted of, or contained the tax returns or return information of a third party. The Service stated that the request for the third party return information was "incomplete" and could not be processed unless the requestor "furnish[ed] a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate," pursuant to the Treasury Regulations. The letter stated that it was "closing [EPIC's] request as incomplete with no further action" because the required authorization was not provided. *See* Decl. Ex. B.

9.  The March 2, 2017 letter does not include any information about administrative appeal rights because this response letter was not a determination. *Id.*

10. Mr. John Davisson, on behalf of Plaintiff Electronic Privacy Information Center, submitted a second FOIA request dated March 29, 2017, to the Service's Atlanta Office (the "Second Records Request"). The Second Records Request sought "all of Donald J. Trump's individual income tax returns for tax years 2010 forward, and any other indications of financial

3

relations with the Russian government or Russian businesses." A true and correct copy of the Second Records Request is attached as Exhibit C to this declaration.

11. The Second Records Request did not include an executed power of attorney form, Privacy Act consent, or tax information authorization that would authorize the requestor to receive confidential third party return information from the Service. *See* Decl. Ex. C.

12. The Service received the Second Records Request on March 29, 2017, and assigned it case number F17089-0037.

13. After reviewing the Second Records Request, I determined that the Second Records Request sought tax returns and tax return information of a third party taxpayer. When a requestor seeks records pertaining to other persons or businesses, "the requestor shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization." 26 C.F.R. § 601.702(c)(5)(iii)(C). Because the requestor failed to provide the applicable authorization to receive third-party records, I determined that the request was incomplete and could not be processed.

14. The Service timely responded to the Second Records Request by letter dated April 6, 2017. A true and correct copy of the Service's response is attached as Exhibit D to this declaration. In the letter, the Service stated that the documents EPIC sought, to the extent they existed, consisted of, or contained the tax returns or return information of a third party. The Service stated that the request for the third party return information was "incomplete" and could not be processed unless the requestor "furnish[ed] a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate," pursuant to the Treasury Regulations. Decl. Ex. D.

15. The Service denied EPIC's characterization of the Second Records Request as an "appeal" and specifically stated that it would "not consider an appeal of an incomplete FOIA request that cannot be processed due to the inability of the requester to establish a right to the disclosure of the records requested." *Id.*

16. The letter stated that it was "closing [EPIC's] request as incomplete with no further action" because the required authorization was not provided. *Id.*

17. The Service's April 6, 2017 letter does not include any information about administrative appeal rights because this response letter was not a determination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2017 in Orange County, CA.

*/s/ Michael C. Young*

Michael C. Young
Internal Revenue Service
Government Information Specialist
Laguna Niguel, CA